IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRISTOL BAY DEVELOPMENT FUND, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THORS HAMMER, Official No. 127683, its mast, bowsprit, boat, etc., *in rem*,<br><br>    and<br><br>VIKING CONSTRUCTORS, LLC, *in personam*,<br><br>    Defendants. | Case No. 3:16-cv-00049-SLG |
| VIKING CONSTRUCTORS, LLC,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>ICICLE SEAFOODS, INC.,<br><br>    Third-Party Defendant. | |

**ORDER RE FINAL REPORT AND RECOMMENDATION AND TRANSFERRING CASE**

Before the Court at Docket 24 is a Motion to Dismiss for Improper Venue filed by Third-Party Defendant Icicle Seafoods, Inc. Also before the Court at Docket 31 is Icicle Seafoods' Motion to Change Venue Pursuant to 28 U.S.C. § 1404.

The motion to dismiss was referred to Magistrate Judge Smith and was fully briefed, with an opposition filed by Defendants at Docket 26 and a reply at Docket 28. Judge Smith issued a Final Report and Recommendation at Docket 30 recommending the motion be denied without prejudice. Judge Smith found that the District of Alaska was

not an improper venue, but she also observed that in light of the parties' forum selection clause, she would recommend that if a motion to change venue to the Western District of Washington were to be filed, it should be granted.

Icicle Seafoods filed an objection to the Final Report at Docket 32. For the following reasons, the Court will adopt and accept the Magistrate Judge's recommendations.

When a motion has been referred to a magistrate judge, 28 U.S.C. § 636(b)(1) provides that the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." However, the district judge must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[1] But "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[2] Rather, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

Based on the Court's de novo review of the parties' briefing, the submissions in the record, and the applicable law, the Court finds that the Final Report and Recommendation should be accepted and adopted in its entirety. Although Icicle

---

[1] 28 U.S.C. § 636(b)(1).

[2] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted).

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

3:16-cv-00049-SLG, *Bristol Bay Development Fund, LLC v. Thors Hammer, et al.*
Order re Final Report and Recommendation
Page 2 of 3

Seafoods asserts in its objection that the Court should have read its motion to dismiss as presenting a request for alternative relief in the form of a transfer to the Western District of Washington, the Court's review of the briefing does not support such a reading. The relief that Icicle sought in its first motion was clearly dismissal. Icicle's reference to the transfer of the case appeared in a footnote in its reply as a response to Viking's argument and not as a request for alternative relief. [4]

In light of the foregoing, the Motion to Dismiss at Docket 24 is DENIED.

IT IS FURTHER ORDERED that the Motion to Change Venue Pursuant to 28 U.S.C. § 1404 at Docket 31 is GRANTED and the Clerk of Court is directed to transfer this matter to the United States District Court for the Western District of Washington.

DATED this 17th day of January, 2017, at Anchorage, Alaska.

                                                  */s/ Sharon L. Gleason*
                                                  UNITED STATES DISTRICT JUDGE

---

[4] Specifically, in this regard Icicle stated in its reply, "To the extent that Viking also alleges that the U.S. Supreme Court's holding in *Atlantic Marine* applies here, that holding would require transfer to the venue agreed upon by the parties. At a minimum, it does not support retention of the case in Alaska." *See* Docket 28 at 5 n. 2.

3:16-cv-00049-SLG, *Bristol Bay Development Fund, LLC v. Thors Hammer, et al.*
Order re Final Report and Recommendation
Page 3 of 3

Case 3:16-cv-00049-SLG   Document 33   Filed 01/17/17   Page 3 of 3